# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 FEB 15 PM 5: 06
CLERK
SO. DIST. OF GA.

JULIUS KEITH ROBINSON,          )
                                )
    Plaintiff,                  )
                                )
v.                              )     Case No. CV406-269
                                )
THE GEORGIA STATE BAR           )
ASSOCIATION,                    )
                                )
    Defendant.                  )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On November 27, 2007, the Court granted plaintiff leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff merely alleges that the defendant State Bar Association has engaged in some unspecified "negligence" in its supervision or governance of several public defender's offices located in this district, public defender Orin Alexis, and private attorney Steven P. Berne. Plaintiff makes no allegations of a specific act by defendant that deprived

plaintiff of a constitutional right or led to an injury of constitutional character. Nor does plaintiff make any allegations of a specific act by any public defender or attorney, and he appears to rely on a theory of respondeat superior in his claim against defendant. It is well-settled that § 1983 relief cannot be had on a theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Furthermore, an allegation of mere negligence fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff, therefore, has failed to state grounds on which § 1983 relief may be granted.

Accordingly, the Court recommends that plaintiff's complaint be DISMISSED for failure to state a claim.

**SO REPORTED AND RECOMMENDED** this 15Th day of **February, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA